956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jane Marie SCHWENK, Petitioner,
v.
SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 91-5133.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1992.
 
 Before RICH and PLAGER, Circuit Judges, and COHN, District Judge.*
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Jane Marie Schwenk appeals from the June 4, 1991 decision of the United States Claims Court (Harkins, J.), reported at 23 Cl.Ct. 287, sustaining the March 12, 1991 decision of the Special Master which held, inter alia, that petitioner was not entitled to be compensated under the National Vaccine Injury Compensation Program (the Program)[1] for the cost of health insurance. We affirm.
 
 DISCUSSION
 
 2
 At the time of the Special Master's decision, petitioner was a 22-year old college student who expected to graduate in May, 1991 with a degree in finance from the University of Evansville at Evansville, Indiana. The Special Master found that petitioner suffered from a vaccine-related partial complex seizure disorder, and that petitioner was entitled to compensation therefor under the Program.
 
 
 3
 In reaching her decision as to the amount of compensation to be awarded, the Special Master considered that under the Program, compensation shall not be made
 
 
 4
 for any item or service to the extent that payment ... can reasonably be expected to be made, with respect to such item or service ... under an insurance policy....
 
 
 5
 42 USC 300aa-15(g) (emphasis added). Applying this provision, the Special Master found it reasonable to assume (1) that petitioner would be employed within one year following her graduation from college by an employer providing group health insurance, and (2) that petitioner would be covered by that insurance within one additional year (assuming a one-year exclusion period due to petitioner's pre-existing condition). Based upon these assumptions, the Special Master denied petitioner's claim for compensation to cover the cost of health insurance. However, petitioner was awarded a one-time, up-front allotment of $10,000 to cover costs incurred during any period during which she might not be insured, as well as an annuity covering certain allowed costs of transportation, medical care and tests, and medication.
 
 
 6
 Petitioner contended before the Claims Court that the Special Master abused her discretion by assuming that petitioner would obtain and maintain employment with an employer having a group health insurance policy that would cover petitioner's future vaccine-related medical costs. In addition, petitioner initially contended that the Special Master's decision arbitrarily and capriciously required petitioner to obtain employment in Indiana; this latter contention has apparently been withdrawn, and in any event we see no basis for it in the record. The Claims Court rejected petitioner's arguments, and affirmed the decision of the Special Master.
 
 
 7
 We review the decision of the Claims Court. For reasons expressed in greater detail in the Claims Court's opinion, we agree that the Special Master's assumption that petitioner would be covered by a future employer's group health insurance was a reasonable one, and that her decision denying compensation for insurance costs, based upon that assumption, was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Special Master's findings as to petitioner's potential for competitive employment and eligibility for insurance coverage through a future employer were based upon substantial evidence of record, including, in several instances, the unrebutted testimony of respondent's experts.
 
 
 8
 That reasonable individuals might reach different conclusions as to the amount of compensation to be awarded in this case is not a sufficient ground for reversal. The Claims Court Judge correctly reviewed the work of the Special Master, and affirmed her judgment. There is no error.
 
 
 
 *
 Honorable Avern L. Cohn, District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 Established pursuant to the National Childhood Vaccine Injury Act, 42 USC 300aa-1 through 300aa-34 (1988 & Supp. I 1989)